IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WENDE WEITZ,

                      Plaintiff,                          OPINION AND ORDER

    v.

                                                          10-cv-493-wmc

CAROLYN W. COLVIN, Acting
Commissioner, Social Security Administration,

                      Defendant.

---

        The court previously reversed a decision of the Social Security Commissioner and remanded plaintiff Wende Weitz's application for benefits for further consideration of one issue. (9/24/13 Opinion & Order (dkt. #17).) Weitz now moves for attorney fees under the Equal Access for Justice Act, 28 U.S.C. § 2412, arguing that she is entitled to a fee award. (Dkt. ##19, 25.)[1] The government objects, arguing that (1) its position was substantially justified, and (2) even if not, a reduction in the amount requested is warranted. Save a minor issue about billing for clerical tasks, the court rejects both arguments and will award $10,251.75 ($155.25 less than the amount requested).

OPINION

**I. Substantial Justification**

        Unless the government shows that its position was "substantially justified or that special circumstances make an award unjust," a litigant is entitled to attorney fees under the EAJA. 28 U.S.C. § 2412. The court may consider both the Commissioner's pre-

---

[1] Plaintiff subsequently submitted a supplemental motion to reflect additional time spent in preparation of the reply brief in support of her original motion. (Dkt. #25.)

litigation conduct, including the ALJ's decision, and her litigation position in determining whether she acted with substantial justification. *Cunningham v. Barnhart*, 440 F.3d 862, 863-64 (7th Cir. 2006) (citing *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004)); *see also* 28 U.S.C. § 2412(d)(2)(D). "In order for the Commissioner's position to be substantially justified, it must have reasonable factual and legal bases, and there must exist a reasonable connection between the facts and her legal theory." *Cunningham*, 382 F.3d at 864 (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

Put another way, the government's position is substantially justified when a reasonable person could believe that it is correct. *Pierce*, 487 U.S. at 566 n.2. While there is no presumption that fees are to be awarded merely because the government lost its case, *McDonald v. Schweiker*, 726 F.2d 311, 316 (7th Cir. 1983), the Commissioner has the burden to establish that her position was substantially justified, *Cunningham*, 382 F.3d at 864.

In its opinion and order remanding this case, the court concluded that the Commissioner's decision was inconsistent with Social Security Ruling 00-4p, which places an affirmative duty on the ALJ to elicit a "reasonable explanation for the apparent conflict" between the vocational expert's testimony and the *Dictionary of Occupational Title*. (9/24/13 Opinion & Order (dkt. #17) 36-40.) In reaching this conclusion, the court found that the conflict was "obvious" between plaintiff Weitz's need for a frequent sit-stand-walk option and the vocational expert's purported reliance on a DOT definition for work on a conveyor belt. (*Id.* at 38.) *See also Overman v. Astrue*, 546 F.3d 456, 464 (7th Cir. 2008). Based on this finding, the court concluded that the ALJ's questioning of

the vocational expert lacked a reasonable factual basis. (*Id.* at 39-40.) Since the Commissioner makes no effort to respond to either the court's findings or conclusions, she has failed to demonstrate that her position was "substantially justified."

## II. Reasonableness of Plaintiff's Request

Next, the government argues that: (1) "52.8 hours for a routine Social Security disability case is out of line with what is reasonably necessary to litigate a social security appeal"; and (2) plaintiff should not be awarded fees for time spent conferring with the attorney who handled the administrative hearing or in performing clerical tasks. (Def.'s Opp'n (dkt. #23) 8-9.) While plaintiff's counsel's time may be on the high-end of a reasonable range of hours, plaintiff cites ample support for awarding fees for 50 to 60 hours of work on similar disability cases. (Pl.'s Reply (dkt. #24) 10.) The court also finds reasonable plaintiff's supplemental request for an additional 6.4 hours of work spent preparing a 15-page reply in support of her original motion for fees.

As for the government's challenge to certain line items, the court finds spending two hours conferring with the attorney who handled the administrative appeal to be reasonable and compensable. The court, however, does agree with the Commissioner that certain, limited time entries -- and only portions of some of those time entries -- encompass clerical work, which is not compensable. Accordingly, the court will deduct 0.9 hour from the fee petition at the 2010 EAJA rate.

ORDER

IT IS ORDERED that:

1) plaintiff's motion for an award of attorney fees and expenses under the Equal Access to Justice Act (dkt. #19) and supplemental motion (dkt. #25) are GRANTED; and

2) the court awards $10,251.75 in attorney's fees and directs the Commissioner to make the check out in plaintiff's name and mailed to Attorney Traver's office.

Entered this 3rd day of February, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge